**Anthony J. BUCHHEIT,
Plaintiff-Appellant,**

v.

**Caspar WEINBERGER, Secretary of
Health, Education & Welfare,
Defendant-Appellee.**

No. 75–1988.

United States Court of Appeals,
Sixth Circuit.

Argued June 7, 1976.

Decided Oct. 5, 1976.

G. Mitchel Lippert, Cincinnati, Ohio, for plaintiff-appellant.

William W. Milligan, U. S. Atty., Anthony W. Nyktas, Asst. U. S. Atty., Cincinnati, Ohio, Jean E. Purnell, Baltimore, Md., for defendant-appellee.

Before WEICK and EDWARDS, Circuit Judges, and BEN C. GREEN,* Senior District Judge.

PER CURIAM.

Appellant Buchheit sought Social Security disability benefits in 1971, claiming total disability as a result of "fatigue and cramping." He had left his employment as a toolmaker for the Bendix Corporation in 1968 at approximately the point where his plant was being closed down. The application was denied and, on his request, a hearing followed before an administrative law judge.

Appellant was not represented by counsel at the hearing. He failed to present any doctor's report which said or implied that he was totally unable to work. Most of the medical reports simply failed to establish what, if anything, was wrong with him. Our review of this record shows that at the conclusion of the hearing, Appellant had failed to establish a prima facie case of total disability.

The administrative law judge, noting that Appellant had seen a number of doctors whose reports were not in the record, told him that he would request such reports to be added to the record and asked whether he wanted to see them, presumably to be able to comment on them before the record was closed. Appellant answered that he did not and on being specifically asked whether he waived that right, said that he did.

Thus, what proved to be the most relevant medical reports and those most relied on by Appellant came into the record after the hearing itself had ended with this waiver. A report by a Dr. Hess indicating nerve pathology suggesting a ruptured disc was introduced along with a letter from another doctor which said in essence that Plaintiff Buchheit had not been willing to pursue the course of investigation and subsequent treatment which Dr. Hess' examination and report called for. The administrative law judge recited these facts in his disposition.

Before the Appeals Council, which, of course, makes the final administrative decision, Buchheit was represented by counsel who did have the additional materials which had been added to the record and his counsel did file an additional medical report which, if generously read, might have indicated total disability.

* The Honorable Ben C. Green, Senior Judge, United States District Court for the Northern District of Ohio, sitting by designation.

The Appeals Council, however, affirmed the findings of the administrative law judge, which are summarized as follows:

In view of the claimant's broad experience and the fact that he had worked as an inspector, department manager, planner, and foreman, it appeared that these were light and sedentary jobs which were well within his residual capacity to perform and existed in significant numbers in the region where the claimant lived.

The District Judge who heard this case based his affirmance of the Secretary's decision upon this (just quoted) finding.

While Appellant's brief is not so phrased, we believe the principal question in this case is whether or not there is substantial evidence to support this finding by the administrative law judge, the Appeals Council, the Secretary, and by the District Judge. Our review of this entire record shows that there is.

We do not doubt that claimant has some genuine difficulties. Equally clearly, however, they are not such as to immobilize him, and there is substantial evidence to support a finding of continuing capacity for light and sedentary work.

We find no failure on the part of the District Judge to make a proper review of the facts under appropriate legal standards. In our judgment, the administrative law judge exhibited real concern for a *pro se* applicant in seeking additional medical evidence when Appellant had clearly failed to make even a prima facie case (except arguably by his own subjective evaluation). While we do agree that copies of the medical reports added to the record late should have been sent to Appellant despite his waiver, we find no prejudice to him and no necessity to set aside the judgment in this case on that ground. As noted above at the Appeals Council level, Appellant was represented by counsel, did have the medical reports, and had the opportunity through counsel to comment on them.

The judgment of the District Court is affirmed.